THE STATE OF TEXAS EX REL. R. H. DUNN V.
JOHN T. THOMPSON.

No. 943.

1. **Pleading and Proof—Quo Warranto to Contest Election.**—Evidence that ballots at a given box had been fraudulently altered after they were cast is not admissible under pleadings alleging merely that the returns from that box were false, and should show more votes cast for relator than were returned for him.

2. **Same.**—Where the relator admits in his pleadings that the respondent received 124 votes at a certain box, it is not error to exclude evidence to show that he had received only 111 votes at that place.

APPEAL from Montgomery. Tried below before Hon. L. B. HIGH-TOWER.

*J. M. Lewis, Lock McDaniel,* and *Preston & Spencer,* for appellant.

*McComb & Cooper* and *N. A. Cravens,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an information in the nature of a quo warranto by the State, upon the relation of R. H. Dunn, to oust the appellee from the office of county clerk of Montgomery County, and to place the relator therein. The information set forth that the relator and John T. Thompson, the appellee, were opposing candidates for the office of county clerk of Montgomery County at the general election held November 6, 1894, and that relator had received a majority of all the legal votes cast at said election, but that the

managers at election precincts 6 and 11 had falsely and fraudulently returned that the relator had cast for him only 53 votes at said election precinct 6, when, as the tally sheets showed, he had received 58 votes at said precinct, and that relator had cast for him only 45 votes at said election precinct 11, when, as the tally sheets showed, relator had received 50 votes at said precinct. The only issue presented by the pleadings of the relator were, that the returns of the votes cast for him at precincts 6 and 11 were false, and that at each of said precincts five more votes should have been returned for him than were returned, which would have elected him by a majority of seven votes.

At the instance of relator, the ballots contained in the boxes used at said election precincts 6 and 11 were counted, and the count showed the votes to be as returned. It appeared from the count of the ballots in the box at precinct 6 that the ballots numbered 10, 11, 22, 25, and 40, which appeared by reference to the poll list to have been cast by George Baker, Walter Brown, Wiley Thompson, C. K. Fussell, and Walter Haywood, respectively, in the order named, had printed thereon the name of R. H. Dunn alone for county clerk, and that the name was marked out on each of said ballots with a lead pencil. Relator called said voters, and proposed to show by them that they had voted for relator, and that their ballots had been altered after they had cast them. Baker was allowed to testify without objection, but when the others were offered the respondent objected that the evidence was not admissible under the pleadings, and his objection was sustained and the evidence excluded. If this evidence had been admitted it would have shown that the relator was elected by a majority of two votes, but as it was, the court trying the case without a jury refused to consider the evidence, and rendered judgment in favor of respondent.

The Supreme Court held, in Owens v. The State, 64 Texas, 508, that in order to authorize the introduction of such testimony there should be allegations corresponding with the proof offered. There was no allegation in the information that would authorize the introduction of the evidence to contradict the ballots, and the court below did not err in excluding it.

There was no error in excluding the testimony of T. J. Gafford, by whom the relator proposed to show that he was one of the judges of election at precinct 11, and that respondent received only 111 votes at said box, because in the information the relator pleaded and admitted that the respondent had received 124 votes at said box, as shown by the returns.

The judgment of the court below is sustained by the evidence, and there being no error, it will be affirmed.

*Affirmed.*

Delivered April 4, 1895.